Council for appellant. Sorry, I'm trying to unmute myself. Can you hear me? Yes. Okay. Thank you. Sorry. Okay This is Catherine Young from the Federal Public Defender's Office for appellant Daronnie Thompkins I'd like to reserve about four or five minutes of my time. Watch your time. I Will thank you your honor Mr. Tompkins is appealing his conviction and sentence for armed bank robbery. He raises a number of issues The first one I'll turn to unless the court has any other directions is that the district court erred in denying his motion to suppress and Mr. Thompkins He would not admit his involvement in the robbery, but prolonged questioning applied psychological pressure on him He broke down and made incriminating Now our first argument in this respect is that the officer Sanchez implicitly threatened to tell the judge that Thompkins Was not cooperating which is a violation of this court's opinion in Harrison In which the agent or officer asked would it be better if the judge were told that you cooperated or had not cooperated Well, just a minute if we're looking at that is my Determination of that is that for clear error of you because the district court found that it wasn't what you're arguing I'm sorry. I don't understand what you're suggesting that somehow this was Compulsory on your client that it what was said there was Compelling it was something that they shouldn't do but the district court found it wasn't So do I own any so do I own any deference to the district court? Well the district court if I'm understanding what the court is asking the district court said although the court is mindful of the possible Implications of the agent's statements the agent did not say he would inform the judge of defendant not cooperate So that as I understand it is the basis of the court's denial of the why I understand, but nonetheless he made a determination That as far as he was concerned it wasn't what you're now arguing it to be Well exactly my plan do I own a deference to that? Our argument here would be that first of all the court is seems to be answer my question, please Okay, my only deference to the district court who heard that testimony knows what the situation is Went through on the motion to suppress and decided. Hey, this wasn't this wasn't compulsory at all It wasn't that kind of a cop that kind of a comment Do I owe deference to that? My argument would be that it's de novo because he applied the wrong standard if it were if if it were the correct standard It would be a clear error review So what standard should he've applied that he didn't okay? And what case does it come out of well, we're basing our arguments on Harrison and Casillas Oh, I know you are but I'm trying to figure out even the arguments saying Harrison and Casillas I'm trying to figure out what is there in those cases that is a different standard than the one he was applying Okay, your honor The court first of all is not seems not to be considering the possible implications He's also saying his factual finding is the agent did not say he would inform the judge if defendant did not cooperate And my point is that this court's decisions in Harrison and Casillas Don't require the agent to explicitly say I will tell the judge if you don't cooperate That there can be implications and there can be Misunderstandings arising well, it seems to me but it seems to me that's the exact standard the court was rubbed it was applying in this case okay, well, I I would disagree because the court seems to be requiring the agent to Explicitly inform the judge and that's not what happened in Harrison and well But I just think that's an explanation of where he came out in the end result of what of applying the very standard You want to apply he said I've looked at this and he didn't say what I think he should have said in this situation Well, I I think that if you look at what was said in Harrison and Casillas They were not the statements that the court the district court in this case is requiring Okay Can I ask you one more question that goes to the issue of harmless error I don't know what it was in the statement that he actually made That hurt him because because the only real issue in the case was For use of shorthand his knowledge that it was that a use of a gun was foreseeable or whether he was aware of it He did not admit to that. That was the only thing in which he basically gave an exculpatory statement and I think that was helpful to him everything that he admitted to was overwhelmingly established by the surveillance by the by the communications between him and those of his Confederates who were in the bank and the GPS which showed him in front of the bank Just before the robbery and leaving the bank right after The one thing that he did not say and that was the critical issue in the case That I understand from reading your briefs was that he was a that the use of the gun Was foreseeable to him. He denied that and in effect By the admission of this evidence You were getting in Essentially his defense He was that was his exculpatory evidence that you couldn't have even gotten in had the government Not foolishly offered the confession because the way they try cases is to throw everything in the kitchen sink before the jury But shame on them, but I don't see how it hurt you Well, I think one of the bases of harmless error is the fact that the government did insist on Including it. They felt that's always going to be the case. Otherwise, there wouldn't be a Argument about error the guy the government introduced it in my view shame on them. I Just don't see how you are harmed by that confession. And in fact you were helped by it because you could not otherwise have gotten that exculpatory evidence in You didn't you didn't and when when you tried this case on a stipulated on stipulated facts I'm a stipulated testimony rather his Testimony was not included in the stipulation. So we were able to do by by by the confession I Know there was no summation I was looking for how been used in summation, but there were no summations here because of the way the case was tried I don't see. I think this the confession helped them Not hurt him Well, I think my argument would have to be that the government thought that it was harmful and included it and also And now I've lost my train of thought Sorry, I can't think of the point that I was going to make Maybe move to your next point. Yes. Thank you I will since your honor raised the firearm when I moved to the Argument that the district court aired and calculating the advisory guideline range Because that does have to do as your honor recognized the firearm. It is a serious issue in my context First of all, we contend that the government's required to burden approving the firearm Enhancement my clear and convincing error because it has such a disproportionate Impact on the sentence and in this case the the trial judge say he was actually applying that standard You know, I don't yeah He said he was applying a clear and convincing evidence standard and in the statement that he made at the time of sentencing I thought I thought your argument was that he said something else which sort of Indicated that maybe he wasn't but he said Considering Miss Lester and her Outside conduct. I think there's clear and convincing evidence. There was an agreement to commit an armed bank robbery Okay, well, let me I think that the fact that there's an armed bank robbery is not the standard for the enhancement Well, but but but just a minute. There's no question your client didn't use the firearm So one has to look at section 1 B 1.3 B and when one looks at section 1.1 point 3 B And one looks at what it says Then it seems to me as my colleague has suggested Under a clear and convincing evidence standard that the evidence meets it Well, I mean after all your client gave sessions the gun with the logical consequence of the conspiracy charge Could not have happened without the involvement of the third party because only so hell Had the key and the gun made him get it Okay, we disagree with the court's conclusion the district court has to make particularized findings about what our client agreed to Our all we have is the cooperatives testimony that our client had a gun and handed it And the same gun was in the hands of the well, if you look at one point one B 1.3 you have to find within the scope of jointly undertaken criminal activity in Furtherance of that activity and now we're coming to the three reasonably foreseeable in connection with the activity that occurred that the Commission of the offense of conviction in preparation of that offense or in the course of attempting to avoid detection or Responsibility for that offense. That's what the district courts got accounts concentrate on That's right, Your Honor, and I would focus on the first one It has to be in the scope of the generally undertaken activity the district court has to make particularized findings what my client specifically agreed to and I didn't want to before I Missed the point that the court said that the third party so now had to be involved and that's not the case In fact the testimony of Miss Lester Says that she didn't realize until she was in the vault room that she didn't have the key Therefore all my client was not there at that time So what he knew was what she knew before entering the vault room was that they could get in and get out as the district court found without involving any third parties and Unless there are any further questions. I see I'm at four minutes. So I'd like to reserve the remainder of my time All right. Thank you counsel. Thank you We'll hear from the government. Mr. Shimmer in ski Oh Yes, good morning, Your Honor. Jeffrey Chemerinsky on behalf of the Pele in the United States of America I'm joined by co-counsel Bruce Reardon, but I'll be handling the argument this morning This court should affirm the district court Both is to the defendant's conviction and is to a sentence as to each issue raised on appeal by the defendant the defendant relies on isolated facts and ignores the totality of Record and the facts presented I'm happy to address any of the issues. The court would like me to address I'll plan to start with the suppression issue and Why the court was correct in denying and its motion to suppress and why in any event? This any year was harmless The government submits that Harrison is distinguishable on at least two grounds First is the district court correctly found the statements made by the agent Are distinguishable from the statements made in Harrison? The district court found that those statements are different and that's now reviewed for clear error. It's just myth recognized second even if It rose to the level in Harrison, even if there is a Harrison problem the courts Still reviews for the totality of the facts the totality of the circumstances here There are a number of facts and circumstances that make this distinguishable from Harrison and it showed that this was not an involuntary The statements were not involuntary Defendants free will was not overborne Those facts include the manner of the agent in handling how he handled the interrogation That for most of the time there was just a single agent present with the defendant As the district court noted the agent was friendly and cordial throughout The defendant if the court reviews the video and audio from the interview The defendant is clearly aware throughout of what's happening He clearly goes back and forth with the agent in fact at two points the agent says I'm getting pulled out or No, no, no, please stay I want to keep talking All the facts here indicate that this was not a defendant whose will free will was overborne But in fact the audio and video showed the defendant was savvy and aware throughout of exactly what was happening This was a defendant who was experienced in the criminal justice system He had seven adult convictions and two juvenile convictions And based on all of these facts present the court should find that this was not an involuntary Confession or the statements were not involuntary But it's judge Corman recognized Even the court doesn't even need to reach the Harrison issue because this is a clear case in which the statements were harmless beyond a reasonable doubt the evidence in the record at trial was Overwhelming of the defendants guilt The evidence included the defendant sending on the morning of the bank robbery the six-digit unique code to the men's bathroom 8 7 1 1 9 0 that men's bathroom then was the staging area for the gun Prior to the robbery when he entered the bank the other evidence was the co-conspirators Testimony Iris Lester's statements describing how the defendant picked out the day for the robbery Introduced her to the gunman provided the gun for the robbery that she sent the defendant a code that then initiated the robbery and Additional evidence included historical cell site data, which is used to track the location Maybe you could maybe you could move to the firearm enhancement since that was her argument next argument Yes, your honor Here the court was correct in applying the firearm enhancement. The defendant is the district court noticed noted in sentencing He'd already been convicted beyond a reasonable doubt of armed bank robbery In fact, he received two points of credit for acceptance of responsibility for that offense Under those facts alone, it would have been truly anomalous for defendant not to have been found responsible for the firearm but moreover there was Substantial evidence in the record showing defendants knowledge of the firearm including the defendant Provided gun to the gunman on the morning of the robbery defendant was the hub for the robbery the connection point between The co-conspirator insider Iris Lester and the gunman All that needs to be shown for the firearm enhancement is that it was reasonably foreseeable And so it's a relatively narrow question for the court. Well, but but you're but you're caught but your opposition focuses on Was within the scope of the jointly undertaken criminal activity There's your honor, there's two under 1b 1.3 You have to show both and it's the same essentially the same requirements under Pinkerton and the two cases cited in the government's 28g letter you need to show both under the scope and reasonably foreseeable Here both are clearly met the defendant Conspired with Iris Lester and the gunman. It was the hub for both to commit this bank robbery He was found guilty beyond a reasonable doubt of the armed bank robbery and then But she Specifically questions this idea that could not have happened without the involvement of the third party By saying that lady didn't even know that that was going to be a problem. So She was as surprised Her area his co-conspirator was a surprise that he was that they had to go get any third party And I wonder that's her argument yeah, but I and I think that her argument relies on the wrong standard, which is a standard of knowledge and Planning that's not the standard that the government needs to show. It's a much lower bar simply that it was reasonably foreseeable Which is why the question is simply a narrow one Which is whether the defendant at the point he provided the gun to the gunman It was reasonably foreseeable that the gunman would have to use it and I would note here that the gunman didn't just have to use it on One victim there in fact were two There was Michelle Bernal and Mohammed Sahil who were both held on their knees at gunpoint During the robbery and certainly the defendant that was foreseeable to the defendant who provided the firearm that that was a likely conclusion This was a daytime armed robbery of a crowded bank during business hours It was again taking even the facts Accepting defendants gloss on the facts all that's needed is reason reasonably foreseeability in here at the point defendant Provided the gun to the gunman. It was reasonably foreseeable that someone could walk in for example Ignores that's accepting that it wasn't the plan all along. So I don't think the court needs to get into the specific question of what's it feels What was discussed ahead of time as to Sahil's role because all that's needed is reasonably foreseeability And that's a standard that's easily cleared in this case Again the defendant was convicted of armed bank robbery and in fact got two points of acceptance for That offense he argued that he should have gotten a third point and Argued that that was bad faith that the government didn't give him that third point And so having already been convicted of that higher bar It was a logical conclusion at sentencing that the court would find the firearm enhancement as well But the court also has ample evidence in the record based on the fact that the gunman had already been convicted Role at the center of this and The defendant providing the firearm to find simply on those facts that it was reasonably foreseeable But he got the two points off for acceptance of responsibility as I understand it because I'm going to trial on this stipulated Stipulation is what people would testify to and nothing more. It was really the functional equivalent of a guilty plea and You gave them Yes, your honor That's correct. And our point is simply that Having been convicted under the higher standard of guilty About whether it's viewed as a guilty plea or a conviction Bet a much higher bar than was then necessary for the court to find its sentencing I asked you one more question. Why did you offer the confession altogether? We've uh, I've asked myself that same thing is that prepared for this argument your honor Um, I think I certainly agree with the court that it was unnecessary it's It came about the stipulated facts That were presented to the court were the result of significant back-and-forth in negotiation between the parties I Get the time You learn the lesson that you don't need to throw in the kitchen sink in every case yes, your honor I'm happy to address any other issues or questions. The court has otherwise I would submit on my brief Thank you counsel any questions. It appears not rebuttal Thank you, your honor First I wanted to address the argument with respect to The the Harrison case that the prosecutor said the court still reviews for Circumstances and it's our position that in Harrison and Casillas That's the end of the discussion if this is they both cases say there are no Circumstances under which the law enforcement may make those comments So we disagree that you have to do totality of the circumstances review in those cases But now let me turn to the firearm and the government is focusing on reasonable foreseeability but that there are three tests one of them is the scope of the agreement and The sentencing guidelines the cases side in our briefs are clear the court has to make Particularized findings with respect to the scope of the agreement and with respect to that I'd like to point out that the court in the sentencing says I'm not going to impose restraint because in my view what the agreement Was here the plan was that he would get in The iris would take him to the vault and they would get out without anyone else seeing them That's what Durrani Tompkins planned not an arm. Let me ask you. Let me ask you a question counselor Have you reviewed USB Nichols? It's a 2006 case I don't it says it says that I can affirm the district court on If it differed from the rationale of the district court, why would that not be applicable here? Well, because I don't think there there is a basis for affirming the enhancement I don't think there is any basis for you don't think there's any basis for saying Based on this record that the defendant gave sessions the gun with the logical consequence of what was going to happen Well, I don't think logical consequences enough I think there has to be an agreement and particularized findings as to that agreement Well, but I mean the agreement there's no question. There was an agreement There's no question as to what the agreement I mean you were just arguing about what the agreement was And the prosecutor said it was for you take that gun and you deal with it Whatever you have to because this is going to be a dangerous operation and you're saying no You take that gun for no good reason just walk it in there and holding it That's the two different. That's the two different stories. I've got yeah and I think what you have to focus to on the district courts finding that the plan was to get in and get out and What the prosecutor argued at sentencing was that the purpose of the gun was for the cameras? So that when Iris let sessions into the vault room She wouldn't just be bringing a friend into the vault room and handing in the money She would be acting under duress and therefore the gun was for Iris's protection That's true, he could have given him a water gun Well That doesn't sound plausible He gave him the gun because it was obviously to my mind the possibility that he would have to use it and that was foreseeable Well, I think I've set forth my position but there's one point I want to make before my time runs out and that is that there is a difference between a finding of armed bank robbery and This enhancement and it showed up in the in the 28 jail letters of the prosecutor's citing cases Just because there's armed bank robbery does not necessarily say that this enhancement applies because there are three Enhancements for armed bank robbery. You have to make particularized findings that this specific Questions Here's not Thank You counsel Thank you to both counsel for your arguments in this case The case just argued is submitted for decision by the court Our final case on calendar for argument is United States versus in day hot
judges: Rawlinson, N.R. Smith, Korman